UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT L GRAY,  )
                )
  Petitioner,    )
                )
  v.            )   No. 4:15CV877 JMB
                )
TERRY RUSSELL,  )
                )
  Respondent,   )

## OPINION, MEMORANDUM AND ORDER

Robert Gray petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it is plain from the face of the petition that Gray is not entitled to relief, the case must be summarily dismissed. 28 U.S.C. § 2254, Rule 4.

## Background

A jury convicted petitioner of forcible sodomy, kidnapping, and two counts of armed criminal action. The trial court sentenced him to three consecutive life sentences plus fifteen years. On direct appeal, petitioner argued that the trial court erred in admitting the State's Exhibit 24, the swab of his penis, because it was obtained without a search warrant. *Missouri v. Gray*, No. ED99126 (Mo. Ct. App. 2013) (Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), accessed on https://www.courts.mo.gov/casenet/base/welcome.do). The appellate court found that the exigent circumstances exception was properly applied, and it affirmed. *Id.*

Petitioner filed a timely motion for postconviction relief under Missouri Court Rule 29.15, which was denied without an evidentiary hearing. *Gray v. Missouri*, No. 1222-CC10610 (City of St. Louis). His only point on appeal was that trial counsel was "ineffective for failing to object to the trial court's sentences on the basis of *Graham v. Florida*, where the U.S. Supreme

Court held that a sentence of life without parole violates the Eighth Amendment when imposed on juveniles." *Gray v. Missouri*, No. ED101449 (Mo. Ct. App. 2015) (Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b)).  The appellate court denied relief because petitioner was an adult when he committed the crimes.  *Id.*

## Discussion

Petitioner raises one ground for relief: that his Fourth Amendment rights were violated because the State's Exhibit 24 was obtained without a warrant.

A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide "an opportunity for full and fair litigation of [the] claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Thus, the Court will review a Fourth Amendment claim raised in a habeas petition only if either "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc).

Petitioner was not denied the opportunity to raise his Fourth Amendment claim in the state courts.  At trial, defense counsel objected to the introduction of State's Exhibit 24 because it was obtained without a warrant.  *Gray*, No. ED99126 at 4.  The prosecutor argued that exigent circumstances existed, and the trial court overruled the objection.  *Id.*  And the Missouri Court of Appeals considered this claim on appeal and affirmed.  *Id.* at 5-6.  Because petitioner was afforded the opportunity to litigate his claim in the state courts, the claim is not cognizable in this Court.

For these reasons, petitioner is not entitled to federal habeas relief.  Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which

requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the petition is **DENIED** and this action is **DISMISSED**.

Dated this 3rd day of June, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE